NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS MOULTER,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**
*Respondent*

---

2017-1958

---

Petition for review of an arbitrator's decision in No. 160603 by Jeanne M. Vonhof.

---

Decided: November 9, 2017

---

DENNIS MOULTER, Norwalk, CT, pro se.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before PROST, *Chief Judge,* LOURIE and CHEN,
*Circuit Judges.*

PER CURIAM.

Petitioner Dennis Moulter challenges an arbitration award dismissing his appeal of his removal by the Department of Homeland Security ("DHS" or "the agency") as moot after the agency rescinded its removal action and finding that his retirement was not involuntary. *In re Dep't of Homeland Sec., U.S. Immigration & Customs Enf't & Am. Fed'n of Gov't Emps., Local 527*, Arb. No. 160603 (Feb. 20, 2017). Because we agree with the arbitrator's determination that the removal appeal is moot and that Mr. Moulter failed to make non-frivolous allegations that his retirement was involuntary, we affirm.

## BACKGROUND

Before his retirement, Mr. Moulter worked as a deportation officer for United States Immigration and Customs Enforcement, within DHS. Mr. Moulter's position involved "physically and mentally demanding and stressful" work. J.A. 46.

Throughout 2015, Mr. Moulter faced numerous health issues. In May of that year, Mr. Moulter applied for leave donated to him from other employees. In that application, Mr. Moulter certified that he had a medical emergency involving "liver issues." J.A. 63. Several days after applying for leave donations, Mr. Moulter was hospitalized, and expected to remain in the hospital for five to seven days. He was released to return to work effective June 15, 2015.

While Mr. Moulter's health issues loomed, DHS had already begun processing the proposed removal of Mr. Moulter on three grounds: (1) neglect of duty; (2) falsification; and (3) conduct unbecoming a law enforcement officer. With respect to the neglect-of-duty ground, DHS alleged that Mr. Moulter improperly processed the depor-

tation of two aliens. With respect to falsification, DHS alleged that Mr. Moulter had falsified forms indicating that he had served aliens in detention with warnings for failure to depart, when he had not served those detainees. Mr. Moulter admitted to this conduct during an interview with the DHS Office of the Inspector General in June 2014. With respect to the conduct unbecoming an officer, DHS alleged that Mr. Moulter failed to report a bribery attempt. Mr. Moulter also acknowledged this conduct during the same interview with the Office of the Inspector General.

DHS completed its notice of proposed removal on May 22, 2015, but it decided not to issue the notice until after Mr. Moulter returned from his sick leave.

On October 4, 2015, Mr. Moulter initiated the process to apply for disability retirement. In his application, Mr. Moulter stated he suffered from various physical and mental conditions. He stated these conditions "greatly hindered [his] ability to perform the physical aspects of [his] job" and that "completing daily tasks [had] become increasingly difficult and time consuming." J.A. 67–70.

Mr. Moulter returned to work, performing only administrative duties, in November 2015. DHS served the proposed notice of removal of Mr. Moulter on November 16, 2015.

DHS continued to process Mr. Moulter's disability retirement application, which typically takes six months to be approved.

On March 24, 2016, DHS issued a notice of removal, sustaining all three grounds charged in the proposed notice of removal, effective April 15, 2016. Mr. Moulter's wages and benefits ceased on April 16, 2016.

In March 2016, Mr. Moulter's union invoked arbitration under his collective bargaining agreement to review his removal. Mr. Moulter sought back pay based on the

contention that his retirement was involuntary. He did not seek reinstatement.

Before the arbitration ever took place, Mr. Moulter's application for disability retirement was approved. The agency made his disability retirement benefits retroactive to April 16, 2016, the day after his employment terminated.

In October 2016, before the second day of arbitration could occur, DHS cancelled the removal action, and all references to that action were removed from Mr. Moulter's personnel file.

DHS moved to dismiss. The arbitrator granted the motion, concluding that the challenge of the removal action was moot and that Mr. Moulter had failed to make a non-frivolous allegation that his application for disability retirement benefits was involuntary. The arbitrator denied Mr. Moulter's motion for reconsideration.

Mr. Moulter now appeals.

## DISCUSSION

Federal employees who are also union members may challenge removal either by direct appeal to the Merit Systems Protection Board or through arbitration. 5 U.S.C. § 7121(e)(1). We "review an arbitrator's decision under the same standards of review that is applied to decisions from the Merit Systems Protection Board." *Appleberry v. Dep't of Homeland Sec.*, 793 F.3d 1291, 1295 (Fed. Cir. 2015); *see also* 5 U.S.C. § 7121(f). Thus, we must affirm the arbitrator unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." *Appleberry*, 793 F.3d at 1295 (quoting 5 U.S.C. § 7703(c)).

Mr. Moulter bore the burden of establishing that the arbitrator had jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006). Mr. Moulter was entitled to a hearing only if he made non-frivolous allegations that, if proven, would demonstrate that the arbitrator had jurisdiction. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1125 (Fed. Cir. 1996).

Mr. Moulter does not dispute that his appeal of his removal is moot. Instead, he argues the arbitrator should have held a hearing to determine whether Mr. Moulter's decision to retire was voluntary.

Jurisdiction to hear an appeal by an employee who resigns or retires is available "only if the employee shows that his resignation or retirement was involuntary and thus tantamount to a forced removal." *Id.* at 1124. A federal employee's decision to resign or retire "is presumed to be voluntary." *Id.* at 1123. To rebut this presumption, Mr. Moulter must satisfy "a demanding legal standard," demonstrating that DHS's action was the product of "misinformation or deception" or "coercion." *Id.* at 1124.

Mr. Moulter makes no allegation of misinformation or deception. Thus, the only question is whether his resignation was coerced. To show coercion, Mr. Moulter must show that DHS (1) "effectively imposed the terms of the employee's resignation or retirement," (2) that he "had no realistic alternative but to resign or retire," and (3) that his "resignation or retirement was the result of improper acts by the agency." *Id.* Mr. Moulter purports to satisfy this burden by showing that DHS threatened removal based on allegations that DHS knew could not be substantiated. *See id.* (citing *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) ("If an employee can show that the agency knew that the reason for the threatened

removal could not be substantiated, the threatened action by the agency is purely coercive.")). We disagree.

Mr. Moulter states that DHS's charges were "unfounded," but he offers no factual allegations that, if proven, demonstrate that the agency could not sustain its removal decision. Indeed, Mr. Moulter's bare assertion is at odds with the record. Mr. Moulter himself acknowledged, in an interview with the Office of the Inspector General, the conduct supporting two of the charges against him.

Mr. Moulter cannot satisfy his burden to establish jurisdiction with this conclusory allegation.

Mr. Moulter's assertions that he intended to continue working or that he would have timed his retirement differently do not bear on the showings required to support a theory of coercion by the agency. In any case, they are conclusory and contradicted by the record. Thus, they cannot rescue Mr. Moulter's theory that his retirement was involuntary from frivolousness.

## CONCLUSION

For at least the foregoing reasons, the arbitrator did not err in concluding that Mr. Moulter has failed to make a non-frivolous allegation that his retirement was involuntary and dismissing the appeal.

## **AFFIRMED**

### COSTS

The parties shall bear their own costs.